## IN THE CHANCERY COURT OF COPIAH COUNTY, MISSISSIPPI

**KAREN JONES**

**PLAINTIFF**

**VS.**

**CAUSE NO. 25-347**

**WINSHON JACKSON**

**DEFENDANT**

## CHILD CUSTODY, SUPPORT AND PROPERTY SETTLEMENT AGREEMENT

This Child Custody, Support and Property Settlement Agreement is made and entered into by and between **KAREN JONES and WINSHON JACKSON.**

### W I T N E S E T H:

**WHEREAS**, the parties hereto were married on or about the 3rd day of April, 2021, in the State of Mississippi; and,

**WHEREAS** one (1) child was born during the marriage of the parties, Winshon Rashi Jackson born October 21, 2020. No other children expected of this marriage; and,

**WHEREAS**, serious differences have arisen between the parties hereto rendering it impossible for them to continue to live together as husband and wife and there is no basis for reconciliation and by reason thereof they have determined that they will discontinue all marital relations as husband and wife, and they desire to settle and determine their respective property rights and rights of inheritance one from the other, together with any and all other rights existing between the parties and growing out of the marriage contract and marital relations; and,

**WHEREAS**, the parties hereto each fully understand the terms and conditions of this Agreement and believe it to be fair, just, adequate and reasonable; and,

**WHEREAS,** Karen Jones is represented by ELISE B. MUNN of BERRY & MUNN,

KJ

WJ

P.A. and Winshon Jackson is not represented by counsel but has had ample opportunity to obtain counsel of his own choosing. Both parties acknowledge that no tax advice has been given to either party by any member of the firm of BERRY & MUNN, P.A. regarding the tax consequences of this Child Custody, Support and Property Settlement Agreement and the parties shall hold BERRY & MUNN, P.A. harmless for any tax consequences resulting from or related to this Agreement; and,

**NOW, THEREFORE,** the parties hereto, for and in consideration of the premises, the mutual promises herein made, the undertakings herein contained, the acts to be performed by the respective parties herein and for other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, the parties covenant and agree as follows:

1. **RIGHT TO PEACE, QUIET AND PRIVACY:** The parties shall live hereafter separate and apart from each other, free from all control, interference and restraint by the other as fully as if he or she were single.   The parties shall not molest or interfere with each other, nor shall either of them compel or attempt to compel the other to cohabit or dwell with him or her by any means whatsoever.   The parties further agree that they shall not enter upon the property or the residence of the other party without specific invitation from the other party.

2. **ENTIRE AGREEMENT:** This agreement contains the entire understanding and agreement between the parties.   There are no representations, warranties, covenants or undertakings other than those expressly set forth in this instrument and each party enters into this contract voluntarily and advisedly.   The law of the State of Mississippi shall govern this agreement in all respects.

3. **NECESSARY DOCUMENTS:** Each party, at the request of the other, will execute and deliver all documents or instruments which may be reasonably necessary to give full


KJ

PAGE 2 OF 8

WJ

effect to this agreement.

4.   **NON-COMPLIANCE:**   Should either party incur any expense or legal fees as a result of the breach of any portion of this Child Custody, Support and Property Settlement Agreement by the other party, the court may award reasonable attorney's fees and suit expenses to the non-defaulting party.  No breach, waiver or default of any of the terms of this agreement shall constitute a waiver of any subsequent breach or default of any of the terms of this agreement.

5.   **SEVERANCE:**   Should a Court of competent jurisdiction hold that any portion of this agreement is invalid, the remainder shall be in full force and effect and the invalid portion shall be struck from the agreement or modified as the Court shall order.

6.   **MODIFICATION:**   A modification, alteration, amendment or waiver of any of the provisions of this agreement shall be effective only if made in writing and executed with the same formality as this agreement, and approved by the court if such approval is required.  Failure of either party to insist upon strict performance of any of the provisions of this agreement shall not be construed as a waiver of any subsequent default of the same or similar nature.

7.   **CUSTODY AND VISITATION:** Wife shall have sole physical custody of the parties' minor child.  The parties shall share joint legal custody. "Joint legal custody" means that the parents or parties share the decision-making rights, the responsibilities and the authority relating to the health, education and welfare of the children. An award of joint legal custody obligates the parties to exchange information concerning the health, education and welfare of the minor children, and to confer with one another in the exercise of decision-making rights, responsibilities and authority.

**Compliance with Uniform Chancery Court Rule 8.06:**  Within five days of a party


KJ

PAGE 3 OF 8


WJ

subject to this rule's changing his/her address, he/she shall, so long as the child remains a minor, notify in writing the Clerk of the Court which has entered the order providing for custody and visitation, of his/her full new address and shall furnish the other party a copy of such notice. The notice shall include the Court file number. The Clerk shall docket and file such notice in the cause. In the event of a threat, disaster, or other emergency, such as a hurricane, which causes an emergency evacuation, any party who has custody of a minor child (physical custody or while exercising visitation) has a duty to notify the other parent of the location and wellbeing of the minor as soon as reasonably possible.

8.     **CHILD SUPPORT:**  Husband shall pay child support to Wife in the amount of $595.00 per month beginning January 1, 2026 and continuing on the first day of each month thereafter until such time as the minor child reaches twenty-one (21) years of age or becomes otherwise emancipated.

9.     **SCHOOL-RELATED EXPENSES:**  The parties shall each be responsible for one-half (1/2) of all school-related and extracurricular activity expenses of the minor child, including but not limited to athletics, summer camps, church camps, etc.

10.     **MEDICAL AND DENTAL INSURANCE:**  The child, Winshon Rashi Jackson, is on Medicaid.  The parties shall each pay one-half of uninsured medical expense of the child, including health, vision, dental (including orthodontic).

11.     **INCOME TAXES:**  The parties will file separately on their tax returns. Husband shall have the right to claim the minor child, Winshon Rashi Jackson, as a dependent on his respective federal and state tax returns, until such time as Wife's son, Cayden Jeffries, is no longer eligible to be claimed by Wife and then the parties shall alternate with Wife having the first year.



KJ

WJ

12.     **DIVISION OF REAL PROPERTY:**  The Wife shall receive the real property located at 1009 Wheeler Lane, Hazlehurst, MS 39083. The marital home, a 2021 Capparet mobile home, shall be the property of Husband and he shall have one year to move it to another location.  In that year, Husband and Wife shall both have the right to live in the home, with Husband paying the note.  If, after one year, Husband does not move the mobile home, then it shall be sold and moved from Wife's property.

13.     **DIVISION OF PERSONAL PROPERTY:**  The parties agree that each shall receive the personal property he or she purchased during the marriage and anything purchased together will be divided between the parties.

14.     **AUTOMOBILES:**  The parties agree that they Wife shall receive the Cadillac automobile and Husband the GMC Terrain and the Infinit. Each party shall pay any remaining outstanding balance on their respective vehicles and shall execute all documents necessary to transfer title of respective vehicles to the owner thereof. Each shall be solely responsible for all insurance, tags, maintenance and repairs on his or her respective vehicle.  Neither shall adversely affect the other's credit by not paying a note on a vehicle on which the other is indebted.  In such event, the vehicle may be sold to extinguish the debt.

15.     **CREDIT AND PRIOR DEBTS:**  Each party shall be solely responsible to pay any debts incurred by him or her, respectively, unless otherwise stated herein.

Neither party will incur any debt in the name of or against the credit of the other, nor will either party act or do anything to impair the credit of the other.  Each will indemnify and hold the other harmless for his or her obligation to pay any debt provided for in this Agreement.

16.     **BANK ACCOUNTS:**  The parties waive any and all rights to any bank account,


KJ

PAGE 5 OF 8

WJ

checking or savings accounts, or any other financial account belonging to the other, if any.

**17.** **RETIREMENT ACCOUNTS:** The parties waive any and all rights to any retirement account belong to the other, if any.

**18.** **RELEASE OF CLAIM OF ALIMONY:** The parties agree that they are freely and voluntarily releasing any and all claims that they may have against the other regarding alimony.

**19.** **ATTORNEY FEES AND COSTS OF COURT:** The parties shall each be responsible for his or her own attorney fees and costs of Court incurred in this divorce action.

**20.** **ENFORCEMENT:** This Agreement is contingent upon the entry of an Agreed Final Judgment of Divorce. The parties agree that this Child Custody, Support and Property Settlement Agreement may be attached to and made a part of any Final Judgment of Divorce rendered in the Chancery Court of Copiah County, Mississippi, and the terms embodied in such Final Judgment will be binding upon the parties. The parties further agree that the Chancery Court of Copiah County, Mississippi shall retain jurisdiction over all matters included herein.

This Agreement shall be binding upon the parties hereto, their administrators, executors and assigns. This is the whole and only agreement between the parties and shall not be modified by parole evidence. Should any portion of this Agreement be declared void or unenforceable for any reason, this Agreement shall in all other respects remain in full force and effect.

**21.** **MUTUAL RELEASE:** Husband does hereby release and relinquish all demands, claims, and rights of action and actions of every kind and nature other than those created by this Agreement, which he may now or hereafter acquire against Wife. Wife does hereby release and relinquish all demands, claims, and rights of action and actions of every kind and nature other than those created by this Agreement, which she may now or hereafter acquire



KJ

WJ

against Husband.

22.   **EXECUTION OF DOCUMENTS**: The parties shall execute any and all forms, documents, and instruments necessary to carry out the express terms and conditions of the Child Custody, Support and Property Settlement Agreement.

23.   **DATE OF THE AGREEMENT AND TIME TO PERFORM**: The date of this Agreement shall be the date when it has been executed by both parties.  If no specific time limit is stated for taking any action prescribed in this agreement, then the parties agree that all such actions will be accomplished in a reasonable time, but not later than thirty (30) days from the date of entry of any judgment of divorce between the parties on the sole ground of irreconcilable differences.

WITNESS MY SIGNATURE, this the ___3rd___ day of __December__, 2025.

**KAREN JONES**

WITNESS MY SIGNATURE, this the ___4th___ day of __December__, 2025.

**WINSHON JACKSON**

*PREPARED BY:*
ELISE B. MUNN, MSB NO. 9654
Berry & Munn, P.A.
Post Office Drawer 768
201 Downing Street
Hazlehurst, Mississippi  39083
Telephone:  (601) 894-4150
Facsimile:  (601) 894-4717
**ATTORNEY FOR KAREN JONES**

KJ

WJ

**STATE OF MISSISSIPPI**
**COUNTY OF** Copiah

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the aforesaid jurisdiction, the within named **KAREN JONES**, who acknowledged that she signed and delivered the above and foregoing Child Custody, Support and Property Settlement Agreement on the day and year therein mentioned and for the purpose therein stated as her free and voluntary act and deed.

GIVEN UNDER MY HAND AND OFFICIAL SEAL, this the 3rd day of December, 2025.

_____
NOTARY PUBLIC

My Commission Expires: _____

★ STATE OF MISSISSIPPI ★
SELENA C. JOHNSON, NOTARY PUBLIC
COPIAH COUNTY
MY COMMISSION EXPIRES SEPTEMBER 17, 2029
COMMISSION NUMBER 50142

**STATE OF** MS
**COUNTY OF** Copiah

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the aforesaid jurisdiction, the within named **WINSHON JACKSON**, who acknowledged that he signed and delivered the above and foregoing Child Custody, Support and Property Settlement Agreement on the day and year therein mentioned and for the purpose therein stated as his free and voluntary act and deed.

GIVEN UNDER MY HAND AND OFFICIAL SEAL, this the 4th day of December, 2025.

_____
NOTARY PUBLIC

My Commission Expires: _____

★ STATE OF MISSISSIPPI ★
SELENA C. JOHNSON, NOTARY PUBLIC
COPIAH COUNTY
MY COMMISSION EXPIRES SEPTEMBER 17, 2029
COMMISSION NUMBER 50142

K.J
KJ

PAGE 8 OF 8

WJ
WJ